UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRACEY MARQUEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2427** |
| **N. BURL CAIN, WARDEN** | **SECTION "C" (4)** |

### ORDER AND REASONS

This matter is before the Court on a petition for writ of habeas corpus by Tracey Marquez, seeking relief pursuant to 28 U.S.C. § 2254. The petitioner raises nine claims for relief from his March, 1998 conviction of four counts of armed robbery, three counts of manslaughter, and one count of attempted first degree murder. Upon a review of the state court records, the habeas petition, response, memoranda, and applicable law, the Court has determined that petitioner's habeas corpus petition is untimely filed. For the reasons set forth below, this petition is DENIED WITH PREJUDICE.

I. B<small>ACKGROUND AND</small> P<small>ROCEDURAL</small> H<small>ISTORY</small>

The petitioner is a prisoner of the state confined to the Louisiana State Penitentiary in Angola, La. Fed. Rec. Doc. 1. He filed this federal application for writ of habeas corpus dated

February 27, 2006.  Rec. Doc. 1-2, at 27 of 28.   Petitioner pled guilty to four counts of armed robbery in violation of LA.REV.STAT. § 14:64, three counts of manslaughter in violation of LA.REV.STAT. § 14:31, and one count of attempted first degree murder in violation of LA.REV.STAT. § 14:(27)30.  *See* Docket Sheet, State Rec. Vol. 1 at 13.   He was sentenced immediately pursuant to his request, to fifty years without benefits of probation, parole, or suspension of sentence as to the armed robbery counts, forty years at hard labor as to the manslaughter counts, and fifty years at hard labor without benefits of probation, parole, or suspension of sentence as to the attempted murder count, each count to run concurrently.  *Id.*

Petitioner filed an application for post-conviction relief in the trial court, *pro se*, on January 12, 2004, which the court denied on the same day.  *See* Docket Sheet, State Rec. Vol. 1 at 22-23.  He filed a second application for post-conviction relief, now through retained counsel, on June 23, 2004.  *Id.* at 23.  The court denied the application summarily, because petitioner had waived his rights to post-conviction relief at the time of his pleas, on November 10, 2004.  *Id.* at 24; State Rec. Vol. 2, Minute Entry and Hearing Transcript, Nov. 10, 2004.   Petitioner untimely filed a writ application to the Louisiana Court of Appeal, Fourth Circuit.  The Fourth Circuit granted his February 15, 2005 motion for an extension of time to file and his March 4, 2005 motion to supplement, but denied his application, all on March 16, 2005.  *State v. Marquez*, 2005-K-0037 (La.App. 4. Cir. 3/16/05), State Rec. Vol. 2.  He filed a subsequent writ application in the Louisiana Supreme Court on April 15, 2005.  State Rec. Vol. 3.  The Louisiana Supreme Court denied relief on December 9, 2005.  *Id.*; *State v. Marquez*, 2005-KP-0994 (La. 12/9/05). Petitioner then filed his instant federal application, signed February 27, 2006.  Fed. Rec. Doc. 1.

II. PROCEDURAL REVIEW

### A. Custody Requirement

A petitioner must be "in custody" for a federal court to entertain a petition for habeas relief. 28 U.S.C. § 2241(c); 28 U.S.C.§ 2254(a). Physical incarceration satisfies the custody requirement. *See e.g., Maleng v. Cook*, 490 U.S. 488, 491, 109 S. Ct. 1923, 1925 (1989). Here, petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, pursuant to the conviction he is attacking. Rec. Doc. 1. Accordingly, this condition of the Court's subject matter jurisdiction over petitioner's claim for relief is satisfied.

### B. Venue

Under 28 U.S.C.A. § 2241(d), venue lies in the district in which the petitioner is incarcerated or the district from which his conviction or sentence was obtained. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, which is in West Feliciana Parish, a parish that falls within the Middle District of Louisiana under 28 U.S.C. § 98(b). However, petitioner was convicted and sentenced in Orleans Parish, which under 28 U.S.C. § 98(a) falls within the Eastern District of Louisiana. Therefore, venue lies for this petition under 28 U.S.C.A § 2241(d).

### D. Timeliness

The state submits that the petition is untimely, and after reviewing the record the Court agrees. The Anti-terrorism and Effective Death Penalty Act of 1996[1] (AEDPA) requires that a habeas petitioner bring his or her 28 U.S.C.§ 2254 action within one year of the date on which

---

[1] Pub. L. 104-132, Apr. 24, 1996, 110 Stat. 1214.

his or her conviction or sentence becomes final.[2] AEDPA's one-year statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C.§ 2254(d)(2); *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998). "A properly filed application is one submitted according to the state's procedural requirements, such as the rules governing notice and the time and place of filing." *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999) (*quoting Lovasz v. Vaughn*, 134 F.3d 146, 148 (3rd Cir. 1998)) (internal quotations omitted); *Williams v. Cain*, 217 F.3d 303 (5th Cir. 2000). Finally, out of an abundance of caution, this Court construes any tolling ambiguities in favor of a petitioner. *See, e.g., Navarre v. Stalder,* 2007 WL 1702774, *5 (E.D.La. 2007).

"[F]inality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003); *see also, Roberts v.*

---

[2] 28 U.S.C.§ 2244(d) provides:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (reaching the same conclusion regarding "finality."). Additionally, a petitioner has ninety days to file a writ of certiorari in the United States Supreme Court after a decision is rendered by the state's highest court. SUP. CT. R. 13(1).

Here, petitioner did not appeal his pleas of guilty, made pursuant to a plea agreement with the state, and his conviction became final on March 4, 1998. Therefore, petitioner was required under AEDPA to file any federal habeas petition within one year, or by March 4, 1999. Long after that date had passed, he filed an application for post-conviction *pro se* in the trial court, on January 12, 2004. He filed a second application in the trial court on June 23, 2004, this time with the assistance of counsel.

Almost five years had elapsed untolled after March 4, 1999, when AEDPA required petitioner to file any federal habeas petition, and January 12, 2004. In addition, additional time elapsed between the time allowed under Louisiana law for a subsequent writ application to the state appellate court from the trial court's denial of his application, and his second application for post-conviction relief, during which no "properly filed" application for post-conviction relief was "pending" in the state courts.[3] Petitioner's federal petition is clearly untimely under AEDPA.

### *E. Equitable Tolling*

Recognizing that his petition is untimely, petitioner argues that the AEDPA statute of

---

[3] The Court also notes that, while petitioner was allowed to file an out of time writ application by the Louisiana Fourth Circuit, after his time for timely filing such an application had run, the period after which the application was late and February 15, 2005, when petitioner filed his motion for an extension of time to file, is not necessarily tolled under Fifth Circuit jurisprudence, because during that period no application for post-conviction relief was "pending". *See Melancon v. Kaylo*, 259 F.3d 401 (5th Cir. 2001).

limitation should be equitably tolled in this case. He argues that he was abandoned by his trial counsel, who failed to file an application for post-conviction relief on his behalf before the one-year limitations period for filing of a federal application for habeas relief had lapsed. In addition, he argues that the attorney he eventually retained to file his second application for post-conviction relief misinformed him that he would have one year from the date the Louisiana Supreme Court rendered its decision on his writ application to file his federal petition. *See* Letter of A.F. "Sonny" Armond, Jr., Jan. 15, 2006, Rec. Doc.1-3.

The federal Fifth Circuit has repeatedly held that the limitation period of 28 U.S.C. § 2244(d) is a statute of limitations that is not jurisdictional and is therefore subject to equitable tolling. *See, e.g., Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002). Equitable tolling is only applied in "rare and exceptional circumstances." *Davis*, 158 F.3d at 810. To apply the doctrine of equitable tolling, a court looks to the facts and circumstances of each case. *U.S. v. Patterson*, 211 F.3d 927, 931(5th Cir. 2000). Equitable tolling is not upheld by excusable neglect, *Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999), and applies principally where a petitioner has been actively misled by the opposing party concerning the course of the action or if he has been prevented in some extraordinary way from pursuing his remedies. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). The doctrine of equitable tolling is not applied, regardless of circumstances, where a petitioner has failed to pursue habeas relief diligently. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).

The facts of this case to not warrant equitable tolling of the statute of limitations. While

petitioner argues that his original attorney should have filed an application for post-conviction relief on his behalf in order to toll AEDPA's one-year limitations period, petitioner has not shown or even argued that his counsel was retained to file any post-conviction relief application. Indeed, that attorney negotiated the original plea agreement (pursuant to which the state dropped a capital first degree murder charge) on behalf of petitioner which waived his appellate and post-conviction rights. Thus it is highly unlikely any such post-conviction application was envisioned by counsel or petitioner at that time.

Although the petitioner attaches a letter from his post-conviction counsel that demonstrates that that attorney misinformed him of the period in which he would have to file his federal petitioner, petitioner can not show that this erroneous advice caused him any prejudice. If the attorney had accurately informed petitioner regarding his time period for filing a federal habeas petitioner, he would have advised that such a period had expired long before. Petitioner can therefore not demonstrate a causal relationship between the circumstances on which his claim for equitable tolling rests and the lateness of his filing, as it relates to his post-conviction relief attorney. *Wessinger v. Cain*, 358 F.Supp. 2d 523, 527 (M.D.La. 2005).

The case which petitioner relies on, *Wessinger v. Cain*, is inapposite. Petitioner argues that, as in *Wessinger*, there was "abandonment of counsel" in this case when his attorneys "failed to timely submit a properly filed post conviction application based on the fact that petitioner had a guilty plea." Rec. Doc. 1-2 at 12. However, *Wessinger* involved an indigent petitioner who had been convicted of murder and sentenced to death. As a result, he was entitled to the appointment of counsel for post-conviction proceedings pursuant to a Louisiana statute. 358

F.Supp.2d at 527-28.  In this case, petitioner was not entitled to the appointment of counsel for post-conviction relief proceedings.  In addition, in *Wessinger*, the attorney's mental and physical health were rapidly deteriorating during the period in which he was assigned to the petitioner's case, of which he had not informed petitioner, and the attorney did not begin to seek withdrawal as the petitioner's counsel until one day before his federal limitations period was to expire.  *Id.* at 528-29.  There was no representation that counsel could have abandoned in relation to any post-conviction relief proceedings on behalf of the petitioner in this case.

Petitioner also argues that he was "under the impression" that his retained attorneys would ensure that all his filing deadlines were met.  Rec. Doc. 1-2 at 13.  He cites *United States v. Wynn*, in which the Fifth Circuit agreed with the district court that a petitioner's allegation that he was deceived by his attorney into believing that a timely habeas petitioner had been filed on his behalf could represent a "rare and extraordinary circumstance" beyond petitioner's control that could warrant equitable tolling.  292 F.3d 226, 230 (5th Cir. 2002).  Here petitioner has made no showing, or even an allegation, that he was actively mislead by his attorneys into believing an application for post-conviction relief had been filed.  Petitioner states only that he was "under the impression" that his attorneys would ensure all filing deadlines were met and there is no evidence in the record that his original attorney gave him any reason to believe he would file an application for post-conviction relief.  As noted above, this attorney had negotiated the plea agreement on petitioner's behalf that resulted in his pleas of guilty.  Thus the attorney most likely believed there were no further relevant "filing deadlines" in petitioner's case to be met.  Petitioner has not demonstrated that he was prevented in some extraordinary way from

asserting his rights, or that any rare and exceptional circumstances exist in this case that would justify equitable tolling of the statute of limitations.

## IV. CONCLUSION

For the reasons stated above, the Court finds that Tracey Marquez' petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is untimely, having exceeded the statute of limitations by a significant period of time, even when construing any tolling ambiguities in favor of the petitioner. It is therefore not necessary to consider the merits of the petition.

Accordingly,

IT IS ORDERED that the petition of Tracey Marquez be hereby DENIED WITH PREJUDICE. Judgment will be entered accordingly.

New Orleans, Louisiana, this 5th day of May, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE